UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

v.

JUSTIN HALL,

        Defendant.

22-CR-86-LJV
DECISION & ORDER

---

The defendant, Justin Hall, has moved to dismiss the indictment and apparently has asked this Court to recuse itself as well. For the reasons that follow, the Court declines to recuse itself and denies the motion to dismiss.

## **BACKGROUND**

On June 1, 2022, an indictment charged Hall with illegally possessing firearms after he had been convicted of a crime involving domestic violence, in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2). Docket Item 6. A few weeks later, a superseding indictment added a charge of illegal transportation of firearms and ammunition by a person under indictment, in violation of 18 U.S.C. §§ 922(n) and 924(a)(1)(D). Docket Item 22. After new counsel was appointed to represent Hall, *see* Docket Item 38, the parties engaged in plea negotiations, and the deadlines to file and respond to pretrial motions were extended numerous times, *see* Docket Items 46-58, 61-80. Finally, on August 16, 2023, the parties advised the Court that they had agreed on a plea, and the Court scheduled a change of plea hearing to be held on September 6, 2023. Docket Item 82.

But that scheduled guilty plea was adjourned after Hall sent the Court correspondence, Docket Item 87, which the Court construed as a motion to dismiss and request for recusal, *see* Docket Item 86.  The government then responded to Hall's motions on September 22, 2023, Docket Item 90; Hall "provide[d] a thorough explaination [sic] of the language" of his motions on September 29, 2023, Docket item 92; and Hall replied to the government's response on October 13, 2023, Docket Item 96.

## DISCUSSION

The government argues that Hall's motions should be summarily denied because Hall is represented by counsel but filed these motions on his own.  *See* Docket Item 90 at 3.  Because the defendant does not have the right to so-called hybrid representation, the government argues, he cannot file these motions *pro se*.  *Id.*  And the government is correct: a court may decline to consider motions that a represented defendant files *pro se*.  *See United States v. Hage*, 74 F.4th 90, 93 (2d Cir. 2023) (citation omitted) ("A defendant has, however, no right to 'hybrid' representation in which he is represented by counsel but supplements his lawyer's work with selected pro se submissions."). Nevertheless, in its discretion, *see id.*, this Court will address the merits of Hall's motions.

**I.        MOTION TO RECUSE**

Hall seeks this Court's recusal apparently because he contends that the Court is disqualified from presiding over his case.  *See* Docket Item 87 at 6.  As best this Court can understand the argument, Hall says that the Court is authorized to act only "during

good behavior," and he contends that this Court's behavior has resulted, or should result, in the Court's "impeach[ment]." *Id.* And while Hall sought to better explain his motion "[d]ue to the previous display of willful ignorance and/or lack of comprehension of the CORRECT-SENTENCE-STRUCTURE-COMMUNICATIONS-PARSE-SYNTAX-GRAMMAR [sic]," *see* Docket Item 92 at 2, his effort to clarify has not made his argument any clearer to this Court.

In any event, Hall has not provided good reason for the Court to recuse itself. Contrary to his assertion, this Court has the authority to preside over his case. Moreover, the Court harbors no bias against Hall and knows of no reason why its impartiality might reasonably be questioned. *See, e.g., S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013) (internal citations and quotations marks omitted) ("The standard . . . is an objective one; . . . the question is whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality."). Hall's motion for recusal is therefore denied.

II.   **MOTION TO DISMISS**

Hall argues that the case against him must be dismissed because, as a result of his status as a "sovereign-national" and "neutral-claimant-postmaster," the Court cannot exercise jurisdiction over him. *See* Docket Item 96 at 2-3; *see also* Docket item 87 at 1; Docket Item 92 at 1-2. But such "sovereign citizen" arguments have no basis in the law and have been rejected repeatedly by the courts. *See, e.g., Santana v. United States*, 2017 WL 2470834, at *2 (S.D.N.Y. June 6, 2017) ("The [sovereign citizen] theories on

which Santana bases these arguments have been uniformly rejected by the courts as legally invalid and frivolous.") (collecting cases).

Hall also argues that the charges against him lack merit because no one was injured and no property was damaged by his weapon possession.  *See* Docket Item 96 at 4; *see also* Docket Item 87 at 3; Docket Item 92 at 3.  But injury to person or damage to property is not an element of either of the crimes charged.  *See* 2 Leonard B. Sand et al., *Modern Federal Jury Instructions-Criminal*, ¶ 35.07, Instr. 35-47, 35-48.2 (2023) (elements of prohibited person possessing a firearm); *id.* ¶ 35.10, Instr. 35-65 (elements of illegal transportation of firearms and ammunition by a person under indictment).

Finally, Hall appears to argue that the case against him must be dismissed because the government did not timely respond to his pretrial motions.  *See* Docket Item 87 at 2; Docket Item 92 at 2.  But as noted above, the government's time to respond to Hall's motions was extended several times as the parties engaged in plea negotiations.  Docket Items 46-58, 61-80.

**CONCLUSION**

For all those reasons, Hall's motions for recusal and to dismiss the indictment (Docket Item 87) are DENIED.  A conference is scheduled for **November 1, 2023 at 11:00 a.m.** to discuss the status and to set a plea or trial date.

SO ORDERED.

Dated:   October 31, 2023
         Buffalo, New York

_____
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE